**In re Ronald G. BUCKLEY, Jr, Debtor.**

**No. 09–11397–RGM.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

June 23, 2009.

### *MEMORANDUM OPINION AND ORDER*

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE is before the court on the proposed reaffirmation agreement by and between the debtor who is represented by counsel and Roundup Funding, LLC, the assignee of Sterling Jewelers, Inc. (Docket Entry 22). The proposed reaffirmation agreement will not be approved.

■ Federal Bankruptcy Rule of Procedure 4008(b), effective December 1, 2008, sets a deadline for filing reaffirmation agreements with the court. That deadline is 60 days after the first date set for the meeting of creditors under § 341(a) of the Bankruptcy Code. The deadline in this case was June 8, 2009. The reaffirmation agreement was filed by the creditor on June 9, 2009. Because the proposed reaffirmation was tardily filed, it will be disapproved.

The court notes additional troubling provisions in the proposed reaffirmation agreement. The proposed reaffirmation agreement states that it is a compromise of a disputed claim. Roundup, as the assignee of Sterling Jewelers, asserts that the claim is nondischargeable. The pro-

posed reaffirmation agreement provides that:

> The Parties agree that execution of this Reaffirmation Agreement extends the non-dischargeability bar date by an additional 60 days from the date of rescission of this Reaffirmation Agreement for Roundup Funding, LLC to file an Objection to Discharge of the debt if this agreement is rescinded.

Proposed Reaffirmation Agreement, Part B at ¶ 2(h). The Federal Rules of Bankruptcy Procedure govern how deadlines may be extended and this is not one of the methods in the Rules.[1] It is not likely that the proposed reaffirmation agreement could be or would be approved with this provision.

■ The proposed reaffirmation agreement also provides, "Any arbitration pursuant to your credit agreement shall be conducted in Seattle, Washington." The debtor resides in and appears to have resided in Manassas, Virginia, since at least 2005. There is no indication what the situs of any arbitration was under the credit agreement, or whether there is even an arbitration clause. The court is unwilling to alter the arbitration clause, if there is one, to require arbitration in Seattle, Washington. Requiring arbitration of a $1,500.00 debt in Seattle, Washington, for a debtor residing in Manassas, Virginia, effectively denies the debtor any meaningful remedy in the event of a dispute.[2] This provision imposes an undue hardship on the debtor.

For the foregoing reasons, it is

ORDERED that the reaffirmation agreement is disapproved.

---

1. The time within which a nondischargeability complaint may be filed is governed by Fed.R.Bankr.P. 4007(c). Fed.R.Bankr.P. 9006(b) permits enlargement of this time but only in accordance with Rule 4007(c). Rule 4007(c) requires that a motion for an extension of time be filed before the time expires and that the extension be for cause.

2. The Fair Debt Collection Practices Act permits a debt collector to bring an action on a debt against a consumer only in the judicial district in which the consumer signed the contract or in which the consumer resides at the commencement of the action. 15 U.S.C. § 1692i(a).